IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY J. FALKNER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 2:13-cv-2455-JDT-cgc |
| | ) | |
| PYRAMID USED CARS | ) | |
| and its owners , | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On June 25, 2013, Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* complaint against "Pyramid Used Cars and its owners", accompanied by a motion seeking leave to proceed *in forma pauperis* and a motion for appointment of counsel. (Docket Entries ("D.E.") 1, 2 & 3.) In an order issued on October 7, 2013, the Court granted leave to proceed *in forma pauperis*. (D.E. # 10) Plaintiff's Motion to Appoint Counsel was denied on October 11, 2013. (D.E. # 11)

The complaint appears to be a copy of the complaint that Plaintiff filed in the case styled "Beverly J. Falkner v. Pyramid Used Cars and its owners and Pyramid Financial and its owners", 11-cv-02786-STA-cgc filed on September 12, 2011[1]. In the instant complaint, Plaintiff has stricken the reference to "Pyramid Financial and its owners", added a reference to "Defendant older white male, desk tonight of counter, when entering door to office.", replaced her demand for

---
[1] 11-cv-02786-STA-cgc was dismissed on November 18, 2011, Order of Dismissal (D.E. # 4) and Judgment (D.E. # 5)

1

compensatory damages "in the amount of $8,888,888.88 (eight million, eight hundred eighty eight thousand, eight hundred eighty eight dollars and eighty eight cents)" with "for whatever is determined by US District Court, Western District of Tennessee. Plaintiff will accept installment payment plan for any remaining balance through the court." and replaced "Should explanation assist in updating or amending any regulations, please tell President Obama to send me a check" with "All backup information available in scan or on Docket under Number 11-2786/2785-STA for this complaint." All of the substantive claims in the instant complaint are identical to those made in 11-cv-02786.

The Complaint alleges that, on April 29, 2011, Plaintiff purchased a used car from Pyramid Used Cars for $4999. Plaintiff paid $1200 down and financed the balance, presumably with Pyramid Financial. Plaintiff timely paid the first month's installment payment in May. (D.E. # 1 at 1.) Later in May, 2011, the vehicle completely shut down, with the engine smoking. Plaintiff had the vehicle towed to "his place of repair," which presumably means a garage designated by Pyramid Used Cars. Plaintiff later received a call telling her that the vehicle was fine and ready to be picked up after she paid a $200 charge for towing and the repair. When Plaintiff inquired about the cause of the problem, Defendant stated it was due to a lightbulb that was missing in the roof. Plaintiff had removed the bulb because it would not go out. Plaintiff asked Defendant to swap that car for another vehicle, and Defendant refused. At the time, the car "still had drive out tags and had not been through inspection." (Id.)"

Attached to the Complaint is a Notice of Plan to Sell Property, dated May 27, 2011, which states that Pyramid Used Cars intends to sell the vehicle at the Shelby County Courthouse in Memphis, Tennessee, on July 9, 2011. (Id. at 3.)

2

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come

before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

The first issue to be considered is whether the Court has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed 2d 391 (1994) (citations omitted); see also *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."), reh'g denied, 476 U.S. 1132, 106 S. Ct. 2003, 90 L. Ed. 2d 682 (May 19, 1986); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., *Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d

459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff's Complaint does not comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure, which requires that "[a] pleading that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff's Complaint contains no jurisdictional allegations. It does not appear that the Court has jurisdiction under the most common provisions relied on by litigants.

Under 28 U.S.C. § 1331, which governs federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's complaint does not mention the United States Constitution or any federal law or treaty and, therefore, the Court does not have federal question jurisdiction.

The Court also does not appear to have diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also *Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam) ("To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states."); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); *Leys v.*

*Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint without prejudice for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity existed); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2004). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The Complaint does not allege that there is diversity jurisdiction in this case. Plaintiff is a resident of Tennessee, and the Complaint does not allege her citizenship. The Complaint does not allege the place of incorporation and principal place of business of Pyramid Used Cars. According to the Tennessee Secretary of State, Pyramid Used Cars is incorporated in Tennessee[2]. Therefore, there is no diversity jurisdiction. Therefore, it is RECOMMENDED that the Court DISMISS the action WITHOUT PREJUDICE for want of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

---

[2] This information was obtained from WESTLAW's Corporate Records and Business Registration – Tennessee, library.

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 23rd day of October, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**